# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

FRASER ROTCHFORD,

                Plaintiff,

v.

CHRIS COULTER, et al.,

                Defendants.

Case No. 3:19-cv-05024-BHS-TLF

ORDER DECLINING TO RECUSE AND REFERRING PLANTIFF'S MOTION TO RECUSE

This matter is before the Court on plaintiff Fraser Rotchford's filing of an Affidavit of Prejudice, in which he requests that Magistrate Judge Theresa L. Fricke recuse herself from this case. Dkt. 12. Petitioner alleges that Magistrate Judge Fricke is related to the Frick family, of the Frick Collection of art in New York City, and that the Frick art collection has a "premeditated and murderous provenance. . . and where the restroom at said museum had all the effrontery of what I imagine present in the gas chambers at Auschwitz. . . ." Dkt. 12, p. 1. He also states that he "senses a lack of good faith" in Magistrate Judge Fricke's decision to approve his in forma pauperis application while thus far declining to serve his proposed complaint. Dkt. 12, pp. 1-2. And he argues that "[Judge Fricke] be recused her family name being associated with equally odious violations of exploited workers rights and their deaths at the hands of jack-booted thugs at the turn of the 19th Century." Dkt. 12 at p. 3.

A judge of the United States shall disqualify herself from a proceeding in which her impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). In addition, a judge of the

United States shall disqualify herself under circumstances where she has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. *Id.* § 455(b)(1).

Under 28 U.S.C. § 144, a judge shall proceed no further "whenever a party to any proceeding in a district court files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [the filing party] or in favor of any adverse party." *See Liteky v. U.S.*, 510 U.S. 540, 548 (1994) (noting that 28 U.S.C. § 455 "placed the obligation to identify the existence of [§ 144 grounds for recusal] upon the judge himself, rather than requiring recusal only in response to a party affidavit.").

Under both § 144 and § 455, recusal is appropriate for either actual bias or appearance of bias if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective test. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

United States District Court for the Western District of Washington Local Civil Rule, LCR 3(f) additionally provides that:

**(f) Motions to Recuse**

Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily. If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee. If the motion is directed at the chief judge, or if the chief judge or the chief judge's designee is unavailable, the clerk shall refer it to the active judge with the highest seniority.

Courts have held that, generally, personal bias or prejudice under § 144 or § 455 must stem from an extrajudicial source. *Liteky*, 510 U.S. at 544; *U.S. v. Hernandez,* 109 F.3d 1450,

1454 (9th Cir. 1997). Thus "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" because they cannot show reliance upon an extrajudicial source. *Liteky*, 510 U.S. at 555. Further, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Thus, plaintiff would need to demonstrate bias stemming from an extrajudicial source or a deep-seated favoritism to provide grounds for recusal under § 144 or § 455. *See U.S. v. Sibla*, 624 F.2d 864, 868-69 (9th Cir. 1980) (court should initially determine whether the facts alleged in the affidavit submitted by the party seeking recusal are legally sufficient to support the motion, and refer the motion to another judge to determine the merits). Accordingly, plaintiff's allegation that he "senses a lack of good faith" from the undersigned's orders in the case so far does not provide basis for recusal. Dkt. 12, p. 2; *see Liteky*, 510 U.S. at 555.

The undersigned Magistrate Judge has no knowledge of any connection to the Frick family, or to their art collection. It is unclear how—even if such a connection existed—this would relate to plaintiff's case. Plaintiff has made conclusory allegations, which "are insufficient to support a claim of bias or prejudice such that recusal is required." *U.S. v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995) (internal quotations omitted). Plaintiff has failed to offer evidence of any extrajudicial source for the undersigned Magistrate Judge's alleged bias. Nor does he allege any facts or instances demonstrating a "deep-seated bias" that would make fair judgment impossible.

The undersigned has done nothing that would create the appearance of personal bias, nor does the undersigned have any reason to be partial to one side or the other in

this matter. A reasonable person with knowledge of all the facts would not conclude that the undersigned's impartiality might reasonably be questioned. Applying the objective test, the undersigned finds that Mr. Rotchford's affidavit of prejudice is legally insufficient and there is no merit to the motion to recuse. The undersigned declines to recuse herself from this case. *See Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993).

**CONCLUSION**

There is no reasonable basis for recusal in this instance. In accordance with LCR 3(f), plaintiff's motion shall be referred to the Chief Judge for a determination of its merits. The undersigned **DECLINES** to recuse voluntarily. Plaintiff's motion for recusal is **REFERRED** to Chief Judge Ricardo Martinez for decision, and the Clerk of the Court is directed to place the motion for the recusal of the undersigned on Judge Martinez's motion calendar.

This action and all motions currently pending before the Court are hereby **STAYED** pending resolution of the recusal issue. No further motions shall be filed in this matter until the stay is lifted. Any motion filed while the matter is stayed shall not be considered and shall be dismissed. The Clerk of the Court shall send a copy of this Order to Plaintiff.

Dated this 18th day of March, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER DECLINING TO RECUSE AND REFERRING
PETITIONER'S MOTION TO RECUSE - 4