UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRASER ROTCHFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRIS COULTER, et al.,<br><br>    Defendants. | CASE NO. C19-5024BHS-TLF<br><br>ORDER AFFIRMING ORDER DECLINING TO RECUSE |

This matter is before the Court on Plaintiff's Affadavit [sic] of Prejudice with Cause which seeks United States Magistrate Judge Theresa L. Fricke's voluntary recusal. Dkt. #12. Judge Fricke declined to recuse herself and referred the matter to the Undersigned pursuant to this Court's Local Civil Rule 3(f). Dkt. #14. For the following reasons, the Undersigned affirms Judge Fricke's order.

Plaintiff's first complaint in this matter was deficient and Judge Fricke ordered Plaintiff to show cause why the complaint should not be dismissed because of those deficiencies. Dkt. #8. Judge Fricke provided Plaintiff a detailed explanation of those deficiencies and how to remedy them. *Id.* Plaintiff filed an amended complaint but did not follow the guidelines of Judge Fricke's prior order. Dkt. #9. Rather, Plaintiff advanced entirely new claims, not included in his

ORDER – 1

first complaint, against entirely new defendants. *Id.* The Court again ordered Plaintiff to show cause why his amended complaint should not be dismissed, and his entirely new claims pursued in a separate action. Dkt. #10. The Court again granted Plaintiff leave to salvage the allegations advanced in his first complaint. *Id.* Plaintiff filed a second amended complaint and at the same time filed a request that Judge Fricke recuse herself from the matter.

As a basis for recusal, Plaintiff alleges that he has:

> been witness to the Fricke art collection in New York City and learned of its premeditated and murderous provenence [sic] and having noted that works in the collection evidence a premeditated choice of ~~fam~~ works by famous artist representing their worst efforts and where the restroom at said museum had all the effrontery of what I imagine present in the gas chambers at Auschwitz . . . .

Dkt. #12 at 1. Plaintiff further indicates his frustration that the Court granted *in forma pauperis* status, which he himself requested, only to require Plaintiff to address manifest deficiencies in his complaints. *Id.* at 2–3. Lastly, Plaintiff seeks to rely on a "right to affidavit without cause said judge according to Washington State Court Rules." *Id.* at 3.

Pursuant to 28 U.S.C. § 455(a), a "judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." Federal judges also shall disqualify themselves in circumstances where they have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Further, section 144 of title 28 of the United States Code provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of

ORDER – 2

the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. Under both provisions, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

Plaintiff's request fails to provide any reasonable basis for questioning Judge Fricke's impartiality. Plaintiff advances vague allegations against Judge Fricke's family name without relating them in any way to Judge Fricke herself. Additionally, Plaintiff's request makes clear that he disagrees with Judge Fricke's prior orders in this case. But, "a judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source."). Plaintiff thus has advanced no basis warranting recusal.

Accordingly, the Court finds and ORDERS that Judge Fricke's Order Declining to Recuse and Referring Plaintiff's Motion to Recuse (Dkt. #14) is AFFIRMED. The Clerk shall provide a copy of this Order to Plaintiff.

DATED this 2 day of April, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3