1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRASER ROTCHFORD,

                        Plaintiff,

       v.

CHRIS COULTER, et al.,

                      Defendants.

Case No. 3:19-cv-05024-BHS-TLF

REPORT AND
RECOMMENDATION

Noted: June 14, 2019

       This matter is before the Court on plaintiff's filing of a civil rights complaint. Plaintiff has been granted *in forma pauperis* status in this matter and is proceeding *pro se*. Plaintiff has been ordered to show cause or amend his complaint. Dkt. 10. Plaintiff has filed a proposed second amended complaint. Dkt. 11. Because that complaint fails to state a claim on which relief may be granted, the undersigned recommends that the Court dismiss the complaint.

DISCUSSION

       The Court has twice directed Mr. Rotchford to amend his complaint to make it comply with the pleading requirements of FRCP 8(a) and the Prison Litigation Reform Act (PLRA). Dkt. 8, 10.

1    In response to the first Order to Show Cause, plaintiff filed an amended complaint that

2    alleged different causes of action against different defendants under a different set of facts than

3    those in the first complaint. Dkt. 9; *see* Dkt. 10.

4        In plaintiff's proposed second amended complaint, he returns to the set of facts and

5    defendants that his original complaint described. However, he fails to cure the deficiencies the

6    Court identified in its first Order to Show Cause.

7        *Exhaustion of Available Administrative Remedies*

8        First, the Court observed that plaintiff had not identified any steps he took to exhaust his

9    administrative remedies before filing suit, as the PLRA requires. The Court instructed: "If he

10   files an amended complaint, plaintiff must explain in detail why he has not filed grievances

11   related to the facts of his complaint. If he did file any grievance concerning those facts, he should

12   attach a copy of the final grievance resolution." Dkt. 8, p. 2.

13       Plaintiff has not done so. His amended complaint does not use the form the Court

14   provided and does not address the issue of exhaustion. Dkt. 11 To effectively exhaust his

15   administrative remedies, an inmate is required to use all the formal steps of the prison grievance

16   process. *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). Because the purpose of exhaustion is

17   to give prison administrators a chance to resolve the issues, the inmate must exhaust each of his

18   claims by bringing grievances that are detailed and factual, including enough specifics to notify

19   officials of the alleged harm. *Id*. at 1120. Because the facts alleged in the complaint would not

20   show that plaintiff has exhausted his claims using available administrative procedures, the Court

21   should dismiss plaintiff's claim for failure to exhaust.

22

23

24

25

*Failure to State a Claim*

Second, the Court informed plaintiff of deficiencies in his complaint that prevented it from stating a claim for relief as Federal Rule of Civil Procedure 8(a) and the PLRA require. Dkt. 10, pp. 2-5.

A prison official may not retaliate against a prisoner by transferring the prisoner from one correctional institution to another to punish the prisoner for exercising a First Amendment right to pursue civil rights litigation. *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995). However, transfers are not retaliatory if they serve legitimate penological goals such as preserving internal order and discipline and maintaining institutional security. *See id.*

The Court previously noted that the only allegation plaintiff asserted against identified defendants—that defendants Chris Coulter and Karla Priesznic caused him to be transferred from jail to prison in retaliation for confronting Coulter and reporting his conduct to supervisors—was entirely conclusory. Dkt. 8, pp. 4-5. The Court also noted with respect to plaintiff's allegations against Coulter that plaintiff did not allege facts that would show that Coulter's alleged mistreatment of plaintiff was related to plaintiff's exercise of his constitutional rights or that the alleged retaliatory conduct did not advance the legitimate penological goals of the facility. Dkt. 10, pp. 4-5.

In his proposed second amended complaint, plaintiff has dropped his claim against Priesznic. Dkt. 11, p. 13. However, he maintains his claim against Coulter. *Id.* That claim is no more substantiated in the second amended complaint than it was in the original complaint. Specifically, plaintiff has not alleged facts that, if true, would show that "the alleged mistreatment by Coulter . . . was related to plaintiff's exercise of his constitutional rights, or that the alleged retaliatory conduct did not advance legitimate goals of the correctional facility." Dkt.

Dkt. 8, pp. 4-5. Regarding Coulter's motivations, plaintiff's claim relies explicitly on personal insults and general character attacks rather than allegations of fact. *See* Dkt. 11, p. 13. This is not sufficient to state a claim of retaliation.

The Court also found in the first Order to Show Cause Court that plaintiff alleged no facts to show that defendants Mills, Apker, Roman, or Community Corrections office staff personally participated in causing the harm alleged, and that plaintiff failed to set forth facts to show any of those defendants was acting under color of state law at the time of the alleged harm.

Plaintiff does not address these deficiencies in the second amended complaint. *See* Dkt. 11. Plaintiff alleges that he notified Kelly Mills and Christi Apker about Coulter's alleged sexual harassment of another person. Dkt. 11, p. 13. He does not, however, allege that Mills and Apker were personally involved in causing his transfer, that they did so with a retaliatory motive, or that they lacked a legitimate penological goal in doing so. *See Schroeder*, 55 F.3d at 461. Nor does plaintiff allege personal involvement by defendant "CCO Roman." *See* Dkt. 11, p. 13.

Plaintiff also names two new defendants in the proposed second amended complaint, Kevin Isett and Frank Olie. Dkt. 11, p. 13. He alleges these defendants were "well aware of the legal deficiencies of their office" and "made no effort to correct such deficiencies." *Id.*, pp. 13-14. By this plaintiff appears to refer to his assertion that the Community Corrections Office does not have legal authority to operate. *See* Dkt. 11, pp. 1-2. Plaintiff bases this assertion on appeals to broad philosophical principles, but he alleges no cognizable § 1983 claim on this basis. *See id.*

In short, the Court previously directed plaintiff to

> to write out short, plain statements telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person (defendant) who violated the right; (3) exactly what that person did or failed to do; (4) how the action or inaction of that person is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of that person's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976).

Dkt. 8. Plaintiff has not done so, and the second amended complaint thus fails to state a claim upon which relief can be granted.

CONCLUSION

Accordingly, the Court should dismiss the complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). This dismissal should count as a "strike" under 28 U.S.C. § 1915(g).

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating this time limitation, this matter shall be set for consideration on **June 14, 2019** as noted in the caption.

The Clerk is directed to send a copy of this Report and Recommendation.

Dated this 22nd day of May, 2019.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5